## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EVAN RODGERS,** | **Civil Action No. 23-1734 (SDW-JBC)** |
| **Plaintiff,** | **MEMORANDUM OPINION** |
| **v.** | |
| **BECKY SCOTT, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1.  On or about March 27, 2023, Plaintiff Evan Rodgers, a pretrial detainee confined in Hudson County Correctional Facility ("HCCF") in Kearny, New Jersey, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1).

2.  With his complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a).  (ECF No. 1-1).  Plaintiff's IFP application is properly completed and establishes his financial eligibility to proceed without prepayment of the $350 filing fee. Therefore, Plaintiff's IFP application will be granted.

3.  Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v.*

*Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4.   In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).   "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).   However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.   Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.*   "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege

2

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6.  The defendants to the complaint are Becky Scott, Director of HCCF, and Dr. Ibrahim, medical provider at HCCF.  Plaintiff alleges that Director Scott's staff failed to timely and properly treat his injury. As to Dr. Ibrahim, Plaintiff alleges he neglected, misdiagnosed, and improperly treated Plaintiff's injury.  Specifically, Plaintiff alleges that, before he was arrested, an orthopedic doctor advised him that he had a fracture in his left wrist, which needed to be rebroken and repaired surgically.  Plaintiff went to some initial appointments but could not afford the surgery. Then, he was arrested on September 6, 2022.

7.  In October 2022, Plaintiff was transferred from Cumberland County Jail to HCCF.  On his first day at HCCF, Plaintiff saw Dr. Ibrahim and advised him of his fractured wrist, and the orthopedic doctor's recommendation for surgery. Plaintiff alleges Dr. Ibrahim did not log the information into the medical system.  Plaintiff wrote four requests and one grievance to medical staff, complaining of pain in his wrist and difficulty with using his hand for daily activities.  His first request was written on December 1, 2022, when he learned of the electronic request system.

8.  Plaintiff believed he was scheduled for an x-ray of his left wrist, but the x-ray technician told him the script was for an x-ray of his forearm.  Plaintiff saw Dr. Ibrahim several weeks later, and the x-ray results were not back.  Dr. Ibrahim prescribed Motrin and promised to schedule another x-ray.  Plaintiff turned down the Motrin because he wanted different treatment. Several weeks later, Dr. Benjamin informed Plaintiff that his x-ray results were normal.  He told Plaintiff that Hudson County would not provide the surgery he wanted because it was not necessary. Dr. Benjamin prescribed physical therapy and Motrin. Plaintiff turned this treatment down, but it was provided for him anyway.

9.  Plaintiff alleges that when he saw a physical therapist, he was told that "the system" was showing that he had a fracture, which according to the physical therapist, "absolutely" required surgery; and Plaintiff should be very careful not to damage his wrist further.  The physical therapist provided Plaintiff with mobility exercises because his mobility was very impaired, which was why he needed surgery.  In his written requests filed in December 2022 through March 2023, Plaintiff complained of his uncontrolled pain and wrist limitations.  For relief, he seeks medical care and damages.

10. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  "Pretrial detainees may assert Section 1983 claims for inadequate medical care under the Fourteenth Amendment's substantive due process clause." *Moore v. Luffey*, 767 F. App'x 335, 340 (3d Cir. 2019).  In *Moore*, the Third Circuit explained:

> To establish a deliberate indifference to serious medical needs claim, the plaintiff "must make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious." *Pearson* [*v. Prison Health Service*], 850 F.3d [526], 534 [3d Cir. 2017] (internal quotations omitted) (alterations in original). A mere complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid [constitutional] claim of medical mistreatment[.]" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Moreover, "mere disagreement as to the proper medical treatment does not support a claim of" deliberate indifference. *Pearson*, 850 F.3d at 535 (internal quotations omitted). Rather, where there has been medical care, "we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Id.* As long as a physician exercises professional judgment, his or her behavior does not violate a detainee's constitutional rights. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

*Id.*

11.  Plaintiff accuses Dr. Ibrahim of misdiagnosis and disagrees with the medical treatment he prescribed. While Plaintiff may have alleged a medical malpractice claim under state law, his allegations do not rise to the level of a constitutional claim.  Therefore, this Court will dismiss without prejudice Plaintiff's Fourteenth Amendment claims against Dr. Ibrahim and Director Becky Scott. Plaintiff may file an amended complaint against Dr. Ibrahim, if he can allege facts that establish Dr. Ibrahim did not exercise his professional medical judgment in making Plaintiff's treatment decisions. To bring a claim against Director Scott as supervisor of the HCCF medical staff, Plaintiff must first allege a constitutional violation by her subordinates, and that Director Scott "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or (2) that she "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [his] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n. 5(3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alterations added).

12.  In conclusion, this Court will grant Plaintiff's IFP application and dismiss his complaint without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated:_____April 10___, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge

5